NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRIAN MONCHINO, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 11-1733 (ES) |
| PSE&G, CO. | : OPINION |
| Defendant. | : |

**SALAS, District Judge.**

Pending before this Court is Defendant PSE&G, Co.'s ("Defendant" or "PSE&G") motion to dismiss Plaintiff Brian Monchino's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has considered the papers submitted in support of and in opposition to the instant motion and decides the motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.   LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers

"labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, "'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d. Cir.2008) (quoting *Twombly*, 550 U.S. at 556). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## II. ANALYSIS

Plaintiff alleges that Defendant overcharged him for gas and electric services and violated 15 U.S.C. § 1666(a)(3)(B)(i), the Fair Credit Billing Act ("FCBA"), by failing to make the appropriate corrections to Plaintiff's electric bill. (Complaint ¶ 31, Count One). Plaintiff claims that PSE&G failed to (1) remove amounts erroneously billed, (2) notify Plaintiff, in writing, of the error, and (3) failed to explain certain charges. (*Id.*). The remainder of Plaintiff's Complaint contains state law causes of action. Defendant seeks to dismiss Count One, arguing that it cannot be held liable under the FCBA because public utilities are exempt from the FCBA. Defendant argues that even if the public utility exemption did not apply, PSE&G is not a creditor as defined by the statute. If the Court dismisses Count One, Defendant argues that the Court should not exercise supplemental jurisdiction over the remaining causes of action and should dismiss the Complaint in its entirety.

### A. Fair Credit Billing Act

The FCBA is a part of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*, ("TILA"). TILA provides a list of exempted transactions including "[t]ransactions under public utility tariffs, if the Bureau determines that a State regulatory body regulates the charges for the public utility services involved, the charges for delayed payment, and any discount allowed for early payment." 15 U.S.C. § 1603(4). The Board of Governors of the Federal Reserve System (the "Board") has been tasked with promulgating regulations to assist in the interpretation of TILA and the FBCA. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559-60 (1980). In Regulation Z, the Board elaborated on the exemption for public utilities. 12 C.F.R. § 226.3(c) exempts "[a]n extension of credit that involves public utility services provided through pipe, wire, other connected facilities, or radio or similar transmission (including extensions of such facilities), if the charges for service, delayed payment, or any discounts for prompt payment are filed with or regulated by any government unit. The financing of durable goods or home improvements by a public utility is not exempt." The Board noted that "this provision embod[ies] an objective test, against which all public utility transactions could be measured to determine whether they are subject to the Truth-in-Lending Act, without the Board having to make an individual determination in each case." *Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 563 (3d Cir. 1999) (quoting Federal Reserve Staff Position Letter No. 524 (Sept. 13, 1971)).

Here, Defendant is a public utility which is regulated by the State of New Jersey. (*See* Defendant's Letter Brief dated May 4, 2012 at 3). It is a matter of public record that Defendant has filed the necessary tariffs. (*Id.* at 2). Plaintiff has not alerted this Court to any authority that contradicts either of these conclusions. As such, Defendant is exempted under the requirements

3

of TILA and the FCBA.  The Court hereby dismisses Count One of Plaintiff's Complaint with prejudice.  *See Aronson*, 180 F.3d at 564.

### B. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present here, this Court will dismiss without prejudice any state law claims that may be construed from the Complaint.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

**Dated:**  June 4, 2012                                       *s/Esther Salas*
                                                               **Esther Salas, U.S.D.J.**